TONY WEST
Assistant Attorney General
Civil Division
SANDRA M. SCHRAIBMAN
Assistant Branch Director
Federal Programs Branch
DIANE KELLEHER
diane.kelleher@usdoj.gov
AMY E. POWELL
amy.powell@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., #7318
Washington, D.C. 20001
Phone: (202) 514-4775
Fax:    (202) 616-8470
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AYMAN LATIF, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> ERIC H. HOLDER, JR., *et al.*, <br> Defendants. | Case 3:10-cv-00750-BR <br><br> DECLARATION OF KEVIN K. MCALEENAN |

## DECLARATION OF KEVIN K. MCALEENAN

I, Kevin K. McAleenan, hereby declare the following:

1. I am the Deputy Assistant Commissioner, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP) within the U.S. Department of Homeland

1

Security (DHS). I became the Deputy Assistant Commissioner for CBP in July 2010. I am responsible for overseeing border security, trade compliance, anti-smuggling, and passenger operations as well as overseeing the programs and operations of 20 major field offices and 327 ports of entry with staff of more than 28,000 employees and an operating budget of $3.3 billion (FY10). I began my government service in October 2001 as Counselor and Senior Policy Advisor to the Commissioner of U.S. Customs (subsequently CBP beginning in 2003), advising the Commissioner on a broad range of policy matters. I have held various positions within CBP from October 2001 until February 2008, and worked in the private sector from February 2008 until June 2010.

2. CBP's priority mission is preventing terrorists and terrorist weapons from entering the United States, while also facilitating the flow of legitimate trade and travel. In performing its mission, CBP enforces hundreds of laws, such as customs, immigration, agriculture, drug, and firearm laws.

3. I make this declaration in support of the government's motion for summary judgment. The statements made herein are based on my personal knowledge, the factual background of this case, my professional law enforcement experience in the field of border security and control, and information made available to me by my staff and other knowledgeable CBP personnel in the course of performing my duties and responsibilities.

2

**PLAINTIFF SALEH OMAR**

4. Plaintiff Omar returned to the United States on August 16, 2010, arriving by air at Detroit Metropolitan Wayne County Airport.

5. On August 16, 2010, Mr. Omar was permitted to enter the United States as a lawful permanent resident.

**PLAINTIFF ABDUL HAKEIM THABET AHMED**

6. I have reviewed Plaintiffs' Complaint and understand that it alleges that Mr. Ahmed departed the country "on or around" August 6, 2009. I further understand that Mr. Ahmed claims he intended to return to the United States on a February 4, 2010, flight from King Abdul Aziz International Airport in Saudi Arabia to New York. *See* Compl. ¶¶ 238-239.

7. CBP records indicate that Mr. Ahmed departed the United States on July 27, 2009 -- not on August 6, 2009.

8. This is a significant difference, because even if Mr. Ahmed had returned to the United States on February 4, 2010, as the Complaint indicates he intended, Mr. Ahmed would have been absent from the United States for 192 days.

9. A lawful permanent resident returning to the United States after being absent for a continuous period in excess of 180 days is inspected by CBP as an applicant for admission to the United States pursuant to 8 U.S.C. § 1101(a)(13)(C)(ii).

10. Mr. Ahmed returned to the United States on October 19, 2010, arriving by air at John F. Kennedy International Airport.

Declaration of Kevin K. McAleenan, Deputy Assistant Commissioner
In support of Defendants' Motion for Summary Judgment

Mr. Ahmed was inspected by CBP as an applicant for admission. After that inspection, Mr. Ahmed was issued a notice to appear charging him with inadmissibility pursuant to 8 U.S.C. 1182(a)(7)(A)(i)(I) [Immigrant without valid documents] based on his 2009-2010 abandonment of his lawful permanent residence status and was paroled into the United States pending a removal hearing before an Immigration Judge. On November 16, 2010, CBP issued a superseding notice to appear, again charging him with inadmissibility pursuant to 8 U.S.C. 1182(a)(7)(A)(i)(I) [Immigrant without valid documents], but based on his 2007 abandonment of his lawful permanent residence status.

## U.S. CITIZENS

12. In general, U.S. citizens who arrive at a U.S. port of entry and prove to the satisfaction of the CBP officer that they are in fact U.S. citizens, are permitted to enter the United States.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

November 17, 2010

Kevin K. McAleenan

Declaration of Kevin K. McAleenan, Deputy Assistant Commissioner
In support of Defendants' Motion for Summary Judgment