IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AYMAN LATIF, MOHAMED SHEIKH ABDIRAHM          10-CV-750-BR
KARIYE, RAYMOND EARL KNAEBLE IV,
NAGIB ALI GHALEB, SAMIR MOHAMED AHMED          OPINION AND ORDER
MOHAMED, ABDULLATIF MUTHANA, SALEH A.
OMAR, FAISAL NABIN KASHEM, ELIAS MUSTAFA
MOHAMED, ABDUL HAKEIM THABET AHMED,
IBRAHEIM Y. MASHAL, SALAH ALI AHMED,
AMIR MESHAL, STEPHEN DURGA PERSAUD, and
STEPHEN WILLIAM WASHBURN,

         Plaintiffs,

ERIC H. HOLDER, JR., in his official
capacity as Attorney General of the
UNITED STATES; ROBERT S. MUELLER III,
in his official capacity as Director
of the Federal Bureau of Investigation;
and TIMOTHY J. HEALY, in his official
capacity as Director of the Terrorist
Screening Center,

         Defendants.


STEPHEN M. WILKER
Tonkon Torp LLP
888 S.W. 5th Avenue, Ste. 1600
Portland, OR 97204
(503) 802-2040


1 - OPINION AND ORDER

**BEN WIZNER**
Nusrat Jahan Choudhury
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-2500

**KEVIN DIAZ**
ACLU Foundation of Oregon
P.O. Box 40585
Portland, OR 97240
(503) 227-6928

**AHILAN ARULANANTHAM**
**JENNIFER PASQUARELLA**
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5211

**ALAN L. SCHLOSSER**
**JULIA HARUMI MASS**
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

**LAURA SCHAUER IVES**
ACLU Foundation of New Mexico
P.O. Box 566
Albuquerque, NM 87103
(505) 243-0046

**REEM SALAHI**
Salahi Law
429 Santa Monica Blvd, Suite 550
Santa Monica, CA 90401
(510) 225-8880

**MITCHELL P. HURLEY**
**CHRISTOPHER M. EGLESON**
**JUSTIN H. BELL**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212) 872-1011

          Attorneys for Plaintiffs

**ERIC H. HOLDER, JR.**
United States Attorney General
**TONY WEST**
Assistant United States Attorney General
**SANDRA M. SCHRAIBMAN**
Deputy Branch Director
Federal Programs Branch
**DIANE KELLEHER**
**AMY POWELL**
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 514-4775

          Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on that part of
Defendants' Motion (#43) to Dismiss in which Defendants seek
dismissal of this action because the Transportation Security
Administration (TSA) "is an indispensable party that cannot be
joined, and this Court lacks jurisdiction over Plaintiffs'
challenges to the DHS Trip Redress Process."[1]

---

    [1] DHS TRIP stands for the Department of Homeland Security's
Traveler Redress Inquiry Program.  *See Scherfen v. DHS,* 08-CV-
1554, 2010 WL 456784, at *6 (M.D. Pa. Feb. 2, 2010).

3 - OPINION AND ORDER

For the reasons that follow, the Court **GRANTS** Defendants'
Motion.

## INTRODUCTION

Fifteen Plaintiffs, including United States citizens and
lawful permanent residents, allege Defendant Terrorist Screening
Center (TSC) placed their names on a "No Fly List," and,
thereafter, Plaintiffs were not allowed to board international
flights leaving or returning to the United States and, in one
case, to board a domestic flight.  Despite Plaintiffs' requests
to officials and agencies for explanations as to why they were
not permitted to board the flights, none has been provided and
Plaintiffs do not know whether they will be permitted to fly in
the future.

Plaintiffs allege Defendants have violated Plaintiffs' Fifth
Amendment right to due process because Defendants have not given
Plaintiffs any post-deprivation notice and hearing nor any
meaningful opportunity to contest their continued inclusion on
any No Fly List.  Plaintiffs also assert Defendants' actions have
been arbitrary and capricious and constitute "unlawful agency
action" in violation of the Administrative Procedure Act, 5
U.S.C. § 702.

Plaintiffs seek a declaratory judgment and injunction "to
remedy the[se] constitutional and statutory violations" and "to

4 - OPINION AND ORDER

provide Plaintiffs with a legal mechanism that affords them
notice of the reasons and bases for their placement on the No Fly
List and a meaningful opportunity to contest their continued
inclusion" on such List.


## PROCEDURAL BACKGROUND

On November 17, 2010, Defendants filed a Motion to Dismiss
Plaintiffs' First Amended Complaint in which Defendants raised
indispensable-party and jurisdictional issues and also made an
alternative Motion for Summary Judgment.  As to dismissal,
Defendants argued "TSA is a necessary and indispensable party
which cannot be joined, and this Court lacks jurisdiction over
Plaintiffs' challenges to the DHS Trip Redress Process."

On January 21, 2011, the Court held a hearing limited to the
indispensable-party and jurisdictional issues.  During the
hearing and before taking this part of Defendants' Motion under
advisement, the Court granted Plaintiffs leave to file a Second
Amended Complaint that plainly and concisely sets forth the
jurisdictional and elemental bases of Plaintiffs' claims in light
of *Ibrahim v. DHS*, 538 F.3d 1250 (9th Cir. 2008), and *Ashcroft v.
Iqbal,* 129 S. Ct. 1937 (2009).

Accordingly, on February 4, 2011, Plaintiffs filed their
Second Amended Complaint (#64).  Defendants then gave Notice

5 - OPINION AND ORDER

(#66) of Withdrawal of their alternative Motion for Summary
Judgment and specifically withdrew Parts II-V of their original
Memorandum (#44) of Law.

Thus, the Court now addresses as against Plaintiffs' Second
Amended Complaint only the remaining indispensable-party and
jurisdictional issues raised in Defendants' original Motion to
Dismiss and developed further at oral argument and in Part I of
Defendants' original Memorandum (#44), Defendants' Supplemental
Reply Memorandum (#65), Plaintiffs' original opposition
Memorandum (#50), and Plaintiffs' Supplemental Memorandum (#67).

**<u>PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

Plaintiffs assert two claims for relief in their Second
Amended Complaint:

1. Defendants have failed to provide Plaintiffs with any
post-deprivation notice and hearing in violation of Plaintiffs'
Fifth Amendment due-process rights (after allegedly placing their
names on a No Fly List) and

2. Defendants' actions have been arbitrary and capricious
and constitute "unlawful agency action" in violation of the
Administrative Procedure Act, 5 U.S.C. § 702.

In particular, Plaintiffs allege:

> Each Plaintiff has sought explanations from
> the Department of Homeland Security, but no
> government official or agency has offered any

6 - OPINION AND ORDER

> explanation for Plaintiffs' apparent
> placement on the No Fly List or any other
> watch list that has prevented them from
> flying.  Nor has any government official or
> agency offered any of the Plaintiffs any
> meaningful opportunity to contest his or her
> placement on such a list.

Second Am. Compl. at ¶¶ 2, 3.

> The government entities and individuals
> involved in the creation and maintenance,
> support, modification, and enforcement of the
> No Fly List . . . have not provided travelers
> with a fair and effective mechanism through
> which they can challenge the TSC's decision
> to place them on the No Fly List.

*Id.* at ¶ 37.

> An individual who has been barred from
> boarding an aircraft on account of apparent
> placement on the No Fly list has no avenue
> for redress with the TSC, the government
> entity responsible for maintaining an
> individuals inclusion on, or removing an
> individual from, the list.  The TSC does not
> accept redress inquiries directly from the
> public, nor does it directly provide final
> orders or disposition letters to individuals
> who have submitted redress inquiries.

*Id.* at ¶ 38.

> [I]ndividuals who seek redress after being
> prevented from flying must complete a
> standard form and submit it to the Department
> of Homeland Security Traveler Redress Inquiry
> Program ("DHS TRIP").  DHS TRIP transmits
> traveler complaints to the TSC, which
> determines whether any action should be
> taken.  The TSC has provided no publicly
> available information about how it makes its
> decision.  The TSC is the final arbiter of
> whether an individual's name is retained on
> or removed from the list.

7 - OPINION AND ORDER

*Id.* at ¶ 39.

> Once the TSC makes a final determination
> regarding a particular individual's status on
> the watch lists, including the No Fly List,
> the TSC advises DHS that it has completed its
> process.  DHS TRIP then responds to the
> individual with a letter that neither
> confirms nor denies the existence of any
> terrorist watch list records relating to the
> individual.  The letters do not set forth the
> bases for any inclusion in a terrorist watch
> list, do not say how the government has
> resolved the complaint at issue, and do
> not specify whether an individual will be
> permitted to fly in the future.

*Id.* at ¶ 40.

Finally, Plaintiffs allege "each of [them] made at least one redress request through DHS TRIP [and] received a letter as described in paragraph 40." *Id.* at ¶ 41.

By way of remedy, Plaintiffs seek a declaratory judgment that Defendants have violated both their statutory and constitutional rights and an injunction that

> a.  requires Defendants to remedy the
> constitutional and statutory violations identified
> above including the removal of Plaintiffs from any
> watch list or database that prevents them from
> flying; or
>
> b.  requires Defendants to provide Plaintiffs with
> a legal mechanism that affords them notice of the
> reasons and bases for their placement on the No
> Fly List and a meaningful opportunity to contest
> their continued inclusion on the No Fly List.

*Id.* at ¶ 29.

In particular, Plaintiffs seek the Court to compel through

8 – OPINION AND ORDER

this action a legal mechanism other than the one now available under TSA's DHS TRIP to have their names removed from any No Fly List.

## DEFENDANTS' MOTION TO DISMISS

In their Second Amended Complaint, Plaintiffs name three officials in their official capacities as Defendants in this action:  Attorney General Eric H. Holder, FBI Director Robert S. Mueller, and TSC Director Timothy J. Healy.  Plaintiffs do not name the Director of the Transportation Security Administration (TSA) as a defendant, but, as noted, Defendants contend TSA is an indispensable party who cannot be joined and whose absence from this action requires its dismissal.  Defendants also seek dismissal on the ground that the district court lacks subject-matter jurisdiction over Plaintiffs' challenges through DHS TRIP to their continued inclusion on any No Fly List.

## STANDARDS

### I.  Nonjoinder of Indispensable Party.

Federal Rule of Civil Procedure Rule 19(b) provides:  "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

9 – OPINION AND ORDER

When determining whether an absent party is indispensable within the meaning of Rule 19 and, accordingly, whether the action can proceed in that party's absence, the court must first consider whether the nonparty should be joined under Rule 19(a). *E.E.O.C. v. Peabody Coal Co.,* 400 F.3d 774, 779 (9th Cir. 2005). If the court concludes the nonparty should be joined pursuant to Rule 19(a), the nonparty is considered a necessary party and the court must next determine whether joinder is feasible. *Peabody,* 400 F.3d at 779.

If joinder is not feasible, the court must determine whether the action can proceed without the absent party or whether that party is an "indispensable party." *Id.* If the court concludes the absent party is indispensable but cannot be joined, the action must be dismissed. *Id*.

Parties are indispensable under Rule 19(b) if they "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest or without leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

## II.  TSA Final Orders.

A final order issued by TSA may only be challenged in United States appellate courts.  49 U.S.C. § 46110(a) states:

10 - OPINION AND ORDER

> [A] person disclosing a substantial interest
> in an *order* issued by the [TSA] may apply for
> review of the order by filing a petition for
> review *in the United States Court of Appeals*
> *for the District of Columbia Circuit or in*
> *the court of appeals of the United States for*
> *the circuit in which the person resides* or has its
> principal place of business.

Emphasis added.

A TSA "order" is a "decision which imposes an obligation,

denies a right, or fixes some legal relationship." *Gilmore v.*

*Gonzales,* 435 F.3d 1125, 1133 (9th Cir. 2006)


## DISCUSSION

DHS TRIP is the statutory redress "process" for "individuals

who believe they have been delayed or prohibited from boarding a

commercial aircraft because they were wrongfully identified as a

threat under the regimes utilized by the [TSA], United States

Customs Service and Border Protection, or any other office or

component of the Department of Homeland Security."  49 U.S.C.

§ 44926(a).  Because TSA administers DHS TRIP, Defendants assert

TSA is an indispensable party.  At the same time, Defendants

maintain TSA cannot be joined in this district court action

because, subject to exceptions not relevant here, TSA's final

orders pertaining to DHS TRIP are reviewable only in United

States appellate courts.  *See* 49 U.S.C. § 46110(a).  Thus,

Defendants argue this action must be dismissed.


11 – OPINION AND ORDER

More specifically, Defendants argue "Plaintiff's procedural due-process claim centers on the alleged inadequacies of DHS TRIP, to which they have all submitted complaints related to their denials of boarding." Defs.' Mem. at 16. Defendants emphasize "Plaintiffs are not challenging their purported original placement on the No Fly List" by TSC. Instead Defendants contend Plaintiffs "are challenging the validity" of the DHS TRIP procedures administered by TSA. Defs.' Supplemental Mem. at 3 (citing comments made by counsel for Plaintiffs during oral argument). Indeed, as noted, the specific relief that Plaintiffs seek includes an injunction requiring Defendants to provide Plaintiffs with "a meaningful opportunity to contest their continued inclusion on the No Fly List." Pls.' Second Am. Compl. at ¶ 9. According to Defendants, however, that relief can only be obtained through DHS TRIP, which, as noted, is administered solely by TSA.

In *Ibrahim* the Ninth Circuit addressed similar juris-dictional issues and distinguished TSC's role in placing names on a No Fly List from TSA's role as administrator of challenges to any such List:

> *Placement of Ibrahim's name on the No-Fly List.* The district court determined, based on undisputed facts, that an agency called the Terrorist Screening Center "actually compiles the list of names ultimately placed on the No-Fly List." And the Terrorist Screening Center isn't part of the

12 - OPINION AND ORDER

> Transportation Security Administration or any
> other agency named in section 46110; it is
> part of the Federal Bureau of Investigation,
> as the government concedes. . . .  *See*
> Homeland Security Presidential Directive 6
> (Sept. 16, 2003)(ordering the Attorney
> General to establish an organization to
> consolidate the Government's approach to
> terrorism screening).  <u>Because putting
> Ibrahim's name on the No-Fly List was an
> order of an agency *not* named in section
> 46110, the district court retains
> jurisdiction to review that agency's order
> under the APA.</u>

*Id.* at 1255 (italics in original; underlining added).  Thus,
as to the placement of Ibrahim's name on a No Fly List, the
court rejected the government's argument that the district
court was divested of jurisdiction under 49 U.S.C. § 46110(a) and
upheld the district court's ruling that the placement of a name
on a No Fly List was not a TSA final order over which circuit
courts have exclusive subject-matter jurisdiction.  In
particular, the court summarily rejected the government's
argument that TSC's decision to place a name on a No Fly List was
so "inescapably intertwined" with TSA's final orders as to be
reviewable only under § 46110(a):

> [T]he statute provides jurisdiction to review
> an "order,"- it says nothing about
> "intertwining," inescapable or otherwise.
> The government advances no good reason why
> the word "order" should be interpreted to
> mean "order or any action inescapably
> intertwined with it."

*Id.* at 1255.


13 - OPINION AND ORDER

Notwithstanding its holding that Ibrahim had the right to challenge in the district court TSC's placement of his name on a No Fly List, the Ninth Circuit rejected Ibrahim's argument that the district court also retained jurisdiction to address TSA's policies and procedures in implementing such List.  Specifically, the court held the "Security Directive" in implementing a No Fly List was a TSA § 46110(a) order that was reviewable only in the appellate court.

After the Ninth Circuit's decision in *Ibrahim,* a district court in Pennsylvania faced similar questions in *Scherfen v. DHS,* 08-CV-1554, 2010 WL 456784 (M.D. Pa. Feb. 2, 2010).  Among other things, the plaintiffs in *Scherfen* sought removal of their names from a No Fly List.  The district court, *inter alia,* held it lacked subject-matter jurisdiction to consider the case because the final DHS TRIP determination letters were final orders of TSA.

Defendants' Motion to Dismiss in this matter requires this Court to resolve whether Plaintiffs' claims for relief would require the Court to address TSA's policies and procedures in implementing any No Fly List, including DHS TRIP (in which case TSA is an indispensable party and this Court lacks jurisdiction) or whether Plaintiffs' two claims for relief are more like Ibrahim's claims that were connected to TSC's placement of names on any No Fly List (in which case this action may proceed without

14 – OPINION AND ORDER

TSA and this Court has jurisdiction to proceed).  As noted, the overarching theme throughout Plaintiffs' Second Amended Complaint is the inadequacy of TSA's DHS TRIP procedures to have Plaintiffs' names removed from any No Fly List and not the *placement* of their names on such List, which is the only basis for district court jurisdiction recognized in *Ibrahim*.

The Court concludes the relief Plaintiffs seek is a matter that Congress has delegated to TSA, which is responsible for administering the DHS TRIP procedures.  Thus, the Court agrees with Defendants that TSA is an indispensable party without whose presence this action cannot proceed.

The Court also concludes any "order" through DHS TRIP that might cause the names of any or all Plaintiffs to remain on or to be removed from any No Fly List would have to be issued by TSA pursuant to § 46110(a).  Accordingly, this Court does not have jurisdiction to provide the relief Plaintiffs seek in their Second Amended Complaint; *i.e.*, to require TSC to "provide [Plaintiffs] with a legal mechanism," presumably more transparent and effective than DHS TRIP, to remove their names from any No Fly List and to require Defendants to give Plaintiffs "notice of the reasons and bases for their inclusion on the No Fly List and a meaningful opportunity to contest their continued inclusion" on

such List.   Instead the relief Plaintiffs seek can only come from

the appellate court in accordance with 49 U.S.C. § 46110(a).

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#43)

to Dismiss this action for failure to join an indispensable party

and for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED this 3rd day May, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


16 – OPINION AND ORDER