# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**PUBLIC NOTICE AND SUMMARY
OF FINDINGS OF FACT
AND CONCLUSIONS OF LAW
AFTER BENCH TRIAL**

    Public notice is hereby given that findings of fact and conclusions of law after a bench trial have, by separate order, been issued. In the Court's view, all of the separate order should be made public, but it will remain under seal and the parties (and counsel) shall maintain its secrecy until **APRIL 15, 2014**, so that our court of appeals can rule on the government's desire to maintain its secrecy. In the meanwhile, the parties shall try to stipulate to release of at least a redacted version.

    This much, however, can be and will be revealed publicly now by way of summary. All of the government's standing arguments are overruled. This Court earlier held that a nonimmigrant alien voluntarily overseas had no standing to assert rights under our Constitution, this holding being grounded in the view that federal constitutional litigation should not be controlled by aliens overseas, especially as to counterterrorism defenses. Our court of appeals reversed this holding and held that plaintiff, even though an alien living overseas, did have standing. The government did not seek higher review of this ruling.

    Turning to the merits, some but not all of the relief sought by plaintiff has been granted. In order for the district court to grant relief on a claim that a plaintiff has been wrongly listed in a government terrorist watchlist, that listing must first result in concrete, reviewable adverse

government action against the plaintiff, such as refusal of permission to board a plane. This means that a judicial remedy must, by necessity, be a post-deprivation remedy. Once a plaintiff shows concrete, reviewable adverse government action has occurred, and, as here, shows that the action resulted from an error by the government, then the plaintiff is entitled by due process to a post-deprivation remedy that requires the government to cleanse and/or correct its lists and records of the mistaken information and to certify under oath that such correction(s) have been made. The government's administrative remedies fall short of such relief and do not supply sufficient due process. In light of the confusion caused by the government's mistake, such cleansing-certification relief is ordered in this case. Also, the government is ordered to disclose to plaintiff her current status on (or off) the no-fly list (without prejudice to future adjustments based on new information). In this connection, the government concedes that plaintiff is not a threat to our national security.

Although a district court cannot review the decision of a consular officer in denying a visa to a nonimmigrant alien, when a nonimmigrant alien with standing to assert constitutional rights has been denied a visa under Section 212(a)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(3)(B), the consular officer must specify which of the nine subsections was the basis of the denial. *Din v. Kerry*, 718 F.3d 856, 862 (9th Cir. 2013). This relief is ordered here.

If, moreover, a consular officer advises a nonimmigrant alien that she is *not* eligible to seek a discretionary waiver of inadmissibility when, under the law, she is eligible to at least apply for a waiver, that erroneous advisement may be reviewed by a district court to the limited extent of requiring the government to inform the nonimmigrant alien that she is eligible to at least apply for a discretionary waiver. Such relief is ordered here. The subsequent grant or denial of any such application, however, would not be reviewable.

Because of the importance of access by the public to the work of our courts, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178, 1180 (9th Cir. 2006); *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.–Northern Dist.*, 187 F.3d 1096, 1102 (9th Cir. 1999), the government and plaintiff are urged to promptly meet and confer and to agree to the maximum extent possible on

2

Case 3:10-cv-00750-BR Document 126-1 Filed 01/15/14 Page 4 of 4
Case 3:06-cv-00545-WHA Document 683 Filed 01/14/14 Page 3 of 3

at least a redacted version to be released promptly to the public, reserving as to the balance pending appeal and keeping in mind that the stay of public release will expire April 15. This notice itself is merely a brief summary and does not constitute the order.

**IT IS SO ORDERED.**

Dated: January 14, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE