# Exhibit C



**U.S. Department of Homeland Security**
DHS Traveler Redress Inquiry Program (DHS TRIP)
601 South 12th Street, TSA-901
Arlington, VA 22202-4220

January 28, 2015

Mr. William J. Genego
Law Office of William Genego
2115 Main Street
Santa Monica, CA 90405

RE:  Stephen Durga Persaud
     Redress Control Number: 2102070

Dear Mr. Genego:

The Department of Homeland Security Traveler Redress Inquiry Program (DHS TRIP) received your response of January 5, 2015, providing the reasons supporting your client's belief that his placement on the No Fly List was in error. DHS TRIP provided your submission to the Transportation Security Administration (TSA) for review. Attached, please find a TSA determination regarding your client's redress inquiry.

Sincerely,

Deborah O. Moore

Deborah Moore
Director, DHS Traveler Redress Inquiry Program

www.dhs.gov/trip



*Office of the Administrator*

**U.S. Department of Homeland Security**
601 South 12th Street
Arlington, VA  20598-6001

Transportation
Security
Administration

## DECISION AND ORDER

On January 5, 2015, Stephen Durga Persaud, through his counsel, submitted a response to the Department of Homeland Security Traveler Redress Inquiry Program (DHS TRIP) providing reasons why he believed his placement on the No Fly List was in error and requesting his removal from that List. For the reasons set forth below, I determine that Mr. Persaud should remain on the No Fly List.

On June 14, 2010, Mr. Persaud submitted an inquiry to DHS TRIP describing his travel difficulties. On October 14, 2010, DHS TRIP informed Mr. Persaud it had conducted a review of his records and determined that no changes were warranted at that time. On November 24, 2014, DHS TRIP informed Mr. Persaud that it was reevaluating his redress inquiry. DHS TRIP informed Mr. Persaud that he was on the No Fly List because he had been identified as an individual who "may be a threat to civil aviation or national security." 49 U.S.C. § 114(h)(3)(A). In particular, it had been determined that he was an individual who represents a threat of engaging in or conducting a violent act of terrorism and who was operationally capable of doing so.

In addition, DHS TRIP provided Mr. Persaud with a summary of the unclassified facts available for release that supported his placement on the No Fly List and encouraged him to respond with relevant information if he believed the determination was in error or if he felt the information provided to him was inaccurate. DHS TRIP withheld certain information because

1

additional disclosure would risk harm to national security and jeopardize law enforcement activities. On January 5, 2015, Mr. Persaud, through his counsel, responded that he believed his placement on the No Fly List was not warranted and provided representations he believed to be relevant to DHS TRIP's determination. Mr. Persaud did not submit any evidence in support of any of these representations.

Upon review of all of the information Mr. Persaud has submitted to DHS TRIP, as well as other information available to me related to Mr. Persaud's placement on the No Fly List, I find that Mr. Persaud may be a threat to civil aviation or national security; in particular, I find that he is an individual who represents a threat of engaging in or conducting a violent act of terrorism and who is operationally capable of doing so. I therefore conclude that Mr. Persaud is properly placed on the No Fly List and no change in status is warranted.

Consistent with the protection of national security and law enforcement activities, I can provide the following explanation of my decision:

1. I have considered Mr. Persaud's contention that he "does not pose, and has never posed, a threat of committing any act of violence." I conclude, however, that the information available to me, including Mr. Persaud's statements to the FBI, supports Mr. Persaud's placement on the No Fly List.

2. I have also considered Mr. Persaud's contentions that he does not advocate violence, that he did not travel to Somalia to engage in violent unlawful activity, and that he does not knowingly have ties to terrorist organizations or individual terrorists. I conclude, however, that the information available to me supports Mr. Persaud's placement on the No Fly List.

2

These conclusions do not constitute the entire basis of my decision, but I am unable to provide additional information. Without specifying all possible grounds for withholding information in this case, information has been withheld for the following particular reasons:

- additional disclosure would risk harm to national security;
- additional disclosure would jeopardize law enforcement activities; and
- disclosure of name(s) of individuals referred to in the letter of November 24, 2014, would implicate third-party privacy concerns.

No Fly List determinations, including this one, are not based solely on the exercise of Constitutionally protected activities, such as the exercise of protected First Amendment activity.

This determination constitutes a final order and is reviewable in a United States Court of Appeals pursuant to 49 U.S.C. § 46110 or as otherwise appropriate by law. A petition for review must be filed within 60 days of issuance of this order.

1/28/15
DATED

Melvin J. Carraway
Acting Administrator
Transportation Security Administration