Justine Fischer, OSB No. 812241
Email: jfattyor@aol.com
710 SW Madison St., Suite 400
Portland, OR 97205
Tel: (503) 222-4326; Fax: (503) 222-6567

William Genego (Admitted *pro hac vice*)
E-mail: bill@genegolaw.com
Law Office of William Genego
2115 Main Street
Santa Monica, California 90405
Tel: (310) 399-3259; Fax: (310) 392-9029

*Attorneys for Plaintiff Stephen Persaud*

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| AYMAN LATIF, et al.,<br><br>    *Plaintiffs,*<br>v.<br><br>ERIC H. HOLDER, JR., et al.,<br><br>    *Defendants.* | Case 3:10-cv-00750-BR<br><br>**PLAINTIFF STEPHEN PERSAUD'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT** |
|---|---|

### MOTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Stephen Persaud renews his motion for partial summary judgment challenging the adequacy of Defendants' No Fly List redress procedures under the procedural component of the Fifth Amendment to the Constitution and the Administrative Procedure Act.

The grounds for this Motion are as follows: Defendants' revised No Fly List redress process fails to provide Mr. Persaud meaningful notice and a hearing as required under the Constitution and as ordered by this Court. *See* Op. and Order, ECF No. 136. That process affords fewer procedural protections than any system involving a significant liberty or

property interest. The undisputed record shows that Defendants refused to provide Mr. Persaud with protections that due process mandates, including full notice of the reasons for his placement on the No Fly List, disclosure of the evidence used against him, material and exculpatory evidence, and a live hearing at which he could testify and cross-examine adverse witnesses. Defendants also failed to utilize constitutionally-adequate substantive criteria in determining that Mr. Persaud should remain on the No Fly List. The revised procedures therefore violate Mr. Persaud's Fifth Amendment right to procedural due process.

The undisputed record also shows that Defendants' revised redress procedures violate the Administrative Procedure Act because they are unconstitutional and therefore contrary to law in violation of APA Section 706(2)(B), 5 U.S.C. § 706(2)(B), and constitute arbitrary and capricious agency action under APA Section 706(2)(A), 5 U.S.C. § 706(2)(A).

The grounds for the Motion are set forth more fully in the Memorandum of Points and Authorities in Support of Stephen Persaud's Renewed Motion for Partial Summary Judgment; the Joint Statement of Agreed Facts Relevant to Stephen Persaud (ECF No. 180); the Memorandum of Points and Authorities in Support of Plaintiffs' Renewed Combined Motion for Partial Summary Judgment; the parties' Joint Statement of Agreed Facts Relevant to All Plaintiffs (ECF No. 173); the Declaration of Hugh Handeyside; and all other related filings.

## LR 7-1 CERTIFICATION

The parties made a good faith effort through written correspondence and telephone conferences to resolve the dispute pursuant to LR 7-1 and have been unable to do so.

Respectfully submitted,

Dated: April 17, 2015

Justine Fischer, OSB No. 812241
Email: jfattyor@aol.com
710 SW Madison St., Suite 400
Portland, OR 97205
Tel: (503) 222-4326; Fax: (503) 222-6567

*/s/ William Genego*
William Genego (Admitted *pro hac vice*)
E-mail: bill@genegolaw.com
Law Office of William Genego
2115 Main Street
Santa Monica, CA 90405
Tel: (310) 399-3259; Fax: (310) 392-9029

*Attorneys for Plaintiff Stephen Persaud*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice was delivered to all counsel of record via the Court's ECF notification system.

/s/ William Genego