IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AYMAN LATIF; MOHAMED SHEIKH ABDIRAHM KARIYE; RAYMOND EARL KNAEBLE, IV; STEVEN WILLIAM WASHBURN; NAGIB ALI GHALEB; ABDULLATIF MUTHANNA; FAISAL NABIN KASHEM; ELIAS MUSTAFA MOHAMED; IBRAHEIM Y. MASHAL; SALAH ALI AHMED; AMIR MESHAL; STEPHEN DURGA PERSAUD; and MASHAAL RANA,<br><br>    Plaintiffs,<br><br>v.<br><br>ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States; JAMES B. COMEY, in his official capacity as Director of the Federal Bureau of Investigation; and CHRISTOPHER M. PIEHOTA, in his official capacity as Director of the FBI Terrorist Screening Center,<br><br>    Defendants. | 3:10-cv-00750-BR<br><br>ORDER |

1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on the parties' Joint Filings (#181, #194) regarding the disposition of claims brought by Plaintiffs that are not presently on the No-Fly List. Having fully considered the parties' respective positions, the Court enters a non-final Judgment in favor of Plaintiffs not on the No-Fly List.

In their Third Amended Complaint (#83) Plaintiffs (all of whom had been denied boarding a commercial aircraft) brought three claims against Defendants concerning Plaintiffs' alleged placement on the No-Fly List and the procedures that Defendants did or did not provide to Plaintiffs to challenge their placement on the List. In Claim One Plaintiffs alleged the procedures Defendants provided to Plaintiffs for challenging their placement on the No-Fly List were constitutionally deficient and, therefore, violated Plaintiffs' procedural due-process rights under the Fifth Amendment to the United States Constitution. In Claim Two Plaintiffs alleged Defendants' placement of Plaintiffs on the No-Fly List violated their Fifth Amendment rights to substantive due-process because Plaintiffs did not present any threat to commercial aviation. In Claim Three Plaintiffs alleged Defendants' placement of Plaintiffs on the No-Fly List and the procedures provided for challenging their placement on the No-Fly List violated the Administrative Procedure Act, 5 U.S.C. §§ 702,

706.

In its Opinion and Order (#136) issued June 24, 2014, the Court granted Plaintiffs' Cross-Motion for Partial Summary Judgment (#91) as to Plaintiffs' Claims One and Three.  The Court held, among other things, that Defendants must provide Plaintiffs with notice regarding their status on the No-Fly List (*i.e.*, advise whether they were, in fact, on the No-Fly List) and, without creating an undue risk to national security, a statement of the reasons for including each Plaintiff on the No-Fly List that is reasonably calculated to permit each Plaintiff to submit evidence challenging their placement on the List.

After conducting a Rule 16 case-management conference with the parties, the Court issued a Case-Management Order (#152) on October 3, 2014, in which, *inter alia*, the Court ordered Defendants to disclose to the Court and to Plaintiffs by October 10, 2014, which Plaintiffs, if any, would not be precluded as of that date from boarding a commercial aircraft flying over United States airspace.  The Court also informed the parties that it would not consider any additional substantive motions on the merits of Plaintiffs' claims until Defendants had an opportunity to reconsider the remaining Plaintiffs' DHS TRIP inquiries regarding their status on the No-Fly List under procedures consistent with the Court's June 24, 2014, Opinion and Order.  The Court set a January 31, 2015, deadline for Defendants

3 - ORDER

to complete that reconsideration.

On October 10, 2014, Defendants informed the Court and Plaintiffs that Plaintiffs Ayman Latif, Elias Mustafa Mohamed, Nagib Ali Ghaleb, Abdullatif Muthanna, Ibraheim Y. Mashal, Salah Ali Ahmed, and Mashaal Rana are not on the No-Fly List.

On February 13, 2015, after the parties submitted a Joint Status Report (#167) updating the Court as to the status of the case, the Court issued a Case-Management Order (#168) that, among other things, directed the parties to submit their proposals for a dispositive order confirming the conclusion of all claims by Plaintiffs who are not presently on the No-Fly List. On March 13, 2015, the parties filed a Joint Filing (#181) Regarding Disposition of Claims for Individuals Not on the No Fly List. After the Court sent to the parties a draft form of judgment and invited the parties to provide additional comment, the parties filed a Supplemental Joint Filing (#194).

Plaintiffs contend the Court should enter a judgment on Claims One and Three in favor of Plaintiffs who are not presently on the No-Fly List as a result of the Court's grant of partial summary judgment in favor of Plaintiffs and Defendants' subsequent disclosure that those Plaintiffs are not presently on the List.

Defendants, on the other hand, contend the Court should dismiss all of the claims of Plaintiffs who are not presently on

the No-Fly List because Defendants' disclosure rendered their claims moot and, as a result, Defendants also assert this Court presently lacks jurisdiction to enter judgment in favor of Plaintiffs who are not on the No-Fly List.

It appears, however, that Defendants misunderstand the nature of the Court's action in entering a non-final judgment in favor of Plaintiffs who are not on the No-Fly List.  By entering such a non-final judgment, the Court is merely acknowledging the fact that the Court's June 24, 2014, Opinion and Order has afforded those Plaintiffs a sufficient measure of relief that disposes of certain claims.  Accordingly, the entry of this non-final judgment does not represent any new adjudication of the rights of any party before the Court and is done for the sole purpose of clarifying there are not any remaining unadjudicated claims for these Plaintiffs.

The Court emphasizes it does not enter this non-final judgment pursuant to Federal Rule of Civil Procedure 54(b) and will only enter a final judgment as to all claims and all parties at the conclusion of this action.  Similarly, the entry of this non-final Judgment does not adjudge prevailing-party status or any other issue related to an eventual award of attorneys' fees or court costs.  The Court will address any petition for attorneys' fees or costs filed by any party at the conclusion of this action.

5 - ORDER

### CONCLUSION

For these reasons, the Court **ENTERS** a non-final Judgment on Claims One and Three in Plaintiffs' Third Amended Complaint in favor of Plaintiffs Ayman Latif, Elias Mustafa Mohamed, Nagib Ali Ghaleb, Abdullatif Muthanna, Ibraheim Y. Mashal, Salah Ali Ahmed, and Mashaal Rana, who are not on the No-Fly List. The Court also **DISMISSES without prejudice** Claim Two as to these Plaintiffs, who are not presently on the No-Fly List.

IT IS SO ORDERED.

DATED this 24th day of April, 2015.

      /s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge