Steven M. Wilker, OSB No. 911882
Email: steven.wilker@tonkon.com
Tonkon Torp LLP
1600 Pioneer Tower
888 SW 5th Avenue
Portland, OR 97204
Tel.: (503) 802-2040; Fax: (503) 972-3740
Cooperating Attorney for the ACLU Foundation of Oregon

Hina Shamsi (Admitted *pro hac vice*)
Email: hshamsi@aclu.org
Hugh Handeyside (Admitted *pro hac vice*)
Email: hhandeyside@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500; Fax: (212) 549-2654

Ahilan T. Arulanantham (Admitted *pro hac vice*)
Email: aarulanantham@aclu-sc.org
Catherine A. Wagner (Admitted *pro hac vice*)
Email: cwagner@aclu-sc.org
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Tel.: (213) 977-9500; Fax: (213) 977-5297

Alan L. Schlosser (Admitted *pro hac vice*)
Email: aschlosser@aclunc.org
Julia Harumi Mass (Admitted *pro hac vice*)
Email: jmass@aclunc.org
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
Tel.: (415) 621-2493; Fax: (415) 255-8437

Alexandra F. Smith (Admitted *pro hac vice*)
Email: asmith@aclu-nm.org
ACLU Foundation of New Mexico
P.O. Box 566
Albuquerque, NM 87103
Tel.: (505) 266-5915; Fax: (505) 266-5916

Mitchell P. Hurley (Admitted *pro hac vice*)
Email:  mhurley@akingump.com
Justin H. Bell (Admitted *pro hac vice*)

Email:  bellj@akingump.com
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1011; Fax: (212) 872-1002

*Attorneys for Plaintiffs Mohamed Sheikh Abdirahman Kariye, Faisal Kashem, Raymond Earl Knaeble, Amir Mohamed Meshal, and Steven Washburn*

William Genego (Admitted *pro hac vice*)
E-mail: bill@genegolaw.com
Law Office of William Genego
2115 Main Street
Santa Monica, California 90405
Tel: (310) 399-3259

Justine Fischer, OSB No. 812241
Email: jfattyor@aol.com
710 SW Madison St., Suite 400
Portland, OR 97205
Tel: (503) 222-4326; Fax: (503) 222-6567

*Attorneys for Plaintiff Stephen Persaud*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| AYMAN LATIF, et al.,<br><br>      *Plaintiffs*,<br>v.<br><br>LORETTA E. LYNCH, et al.,<br><br>      *Defendants*. | Case 3:10-cv-00750-BR<br><br><br>**PLAINTIFFS' MOTION FOR PARTIAL CLOSURE OF ORAL ARGUMENT HEARING**<br><br>**(Expedited Consideration Requested)** |

<u>LR 7-1 CERTIFICATION</u>

      In accordance with LR 7-1, the undersigned Plaintiffs' counsel certify that they conferred with all parties in good faith regarding the need for this motion and were unable to resolve all areas in controversy.  Defendants advised that they do not consent to this motion and intend to file a response.

**<u>MOTION</u>**

      In order to protect against the disclosure of specific stigmatizing and sensitive allegations made by Defendants against Plaintiffs and designated by Plaintiffs as "Confidential" under the Stipulated Protective Order that the Court has entered in this case, Plaintiffs request that the Court close to the public any limited portion of the oral argument hearing scheduled for December 9, 2015, in which Defendants seek to disclose such information.  Plaintiffs' request is conditional and narrow: Plaintiffs do not anticipate raising any of the Confidential allegations and believe that the parties' arguments on the motions before the Court can be fully and openly heard without disclosing them.  Nonetheless, to the extent that Defendants intend to rely on the allegations during the course of the hearing, and given Plaintiffs' compelling interests in maintaining the confidentiality of those allegations, Plaintiffs seek closure of only the portion of the hearing in which Defendants seek to discuss the allegations.

**MEMORANDUM**

Plaintiffs recognize that the public has a presumed First Amendment right of access to court proceedings and documents, and they do not make this request lightly. *See Oregonian Publ'g Co. v. U.S. Dist. Ct. for the Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990). A party seeking to close court proceedings can overcome that presumed right of access where "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* at 1466 (citing *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 11, 13-14 (1986)). *See also United States v. Barer*, No. 06-MC-9021-BR, 2007 WL 445538, at *4 (D. Or. Feb. 2, 2007) (extending to the civil context the *Press-Enterprise* standard for closing criminal proceedings).

Limited, narrowly tailored closure of the oral argument hearing is warranted here because of the deeply stigmatizing effects of disclosure of the allegations against Plaintiffs, Plaintiffs' inability to challenge Defendants' allegations meaningfully, and the lack of viable alternatives to closure that would protect against the effects of disclosure. Plaintiffs have long endured the many negative consequences of their placement on the No Fly List, including the "significant stigma of being a suspected terrorist." *See* Op. and Order, ECF No. 136 at 32-33. Plaintiff Amir Meshal, for instance, has been hounded by news media and ostracized by his community, resulting in the loss of at least one job and continuing difficulty securing the employment he needs to support his young family. *See* Meshal Declaration, ECF No. 270. Mr. Meshal and other Plaintiffs[1] face potentially dire consequences if the Confidential allegations against them

---

[1] The documents that include or refer to the allegations against Plaintiff Kariye have been unsealed because of the government's disclosure of those allegations in its separate denaturalization action against him. *See* Consent Mot. to Unseal Documents and Information Relevant to Pl. Kariye, ECF No. 292; Order, ECF No. 293. Plaintiffs' request for partial closure of the oral argument hearing therefore does not include the allegations against Plaintiff Kariye.

are disclosed to the public, particularly given the climate of fear and stigmatization of Muslims since the November 13 terrorist attacks in Paris.[2]

Defendants' Confidential allegations against these Plaintiffs remain just that—allegations, which, as explained in Plaintiffs' briefing in support of their renewed motion for partial summary judgment, reflect the government's suspicions but which Plaintiffs have not yet had a meaningful opportunity to contest. Any allegation of potential involvement with terrorist activity is damning and inflammatory, and cannot be easily negated once revealed publicly. Under these circumstances, Plaintiffs plainly have a compelling interest in maintaining the confidentiality of the allegations against them.

In light of that interest, the parties filed, and the Court entered, a stipulated protective order in March 2015 that governs the disclosure of sensitive or stigmatizing information about Plaintiffs during discovery or motions practice. *See* J. Mot. for Entry of Stipulated Protective Order, ECF No. 171. In moving for the entry of that protective order, the parties agreed that information produced in this case related to Plaintiffs' claims "includes sensitive information about Plaintiffs, including information protected by the Privacy Act, 5 U.S.C. § 552a." *Id.* at 1. Plaintiffs then moved with Defendants' consent to seal unredacted exhibits containing the allegations against them and unredacted briefs referring to those allegations, on the grounds that public disclosure would compromise their privacy rights, further stigmatize them, and raise security concerns for several Plaintiffs.[3] *See* ECF No. 172. The Court granted that motion, ECF No. 174, and the parties have since filed unredacted Plaintiff-specific briefs under seal. *See* ECF

---

[2] *See, e.g.*, Kirk Semple, *'I'm Frightened': After Attacks in Paris, New York Muslims Cope With a Backlash*, N.Y. Times (Nov. 25, 2015), available at http://goo.gl/DULWPd ("With each passing day, Muslims say, they are growing more fearful for their lives. Muslim groups have reported a sharp increase in bias incidents around the country, including Muslims harassed and attacked on the street, at work and by phone and in online messages."); Jack Jenkins, *27 Examples of the 'Unprecedented' Spike in Islamophobic Incidents in the US*, ThinkProgress (Dec. 1, 2015), available at http://goo.gl/e5L7bp; Max Fisher, *It's Not Just Trump: Islamophobia in America is Spiraling Out of Control*, Vox (Dec. 1, 2015), available at http://goo.gl/bkHlcH.

[3] Defendants stated that their consent to the filing of the motion did not "constitute agreement with Plaintiffs' asserted stigma and security concerns." ECF No. 172 at 4.

Nos. 221-26, 239-46, 275, 278, 281, 284, 287, 300, 302, 305, 308, 310.  The considerations that justified entry of the stipulated protective order and the sealing of documents filed on the public docket apply with equal force here and justify the narrow protective measure that Plaintiffs seek.

In declining to agree to partial closure of the oral argument hearing, Defendants cited a Justice Department regulation reaffirming the public's vital interest in open judicial proceedings and setting forth the Department's policy regarding closure of proceedings.  *See* 28 C.F.R. § 50.9.  The guidelines in that regulation apply to "all federal trials, pre- and post-trial evidentiary proceedings, arraignments, bond hearings, plea proceedings, sentencing proceedings, or portions thereof."  *Id.*  The regulation does not appear to extend to oral argument on the parties' cross-motions for summary judgment, at which no evidence will be adduced or witnesses examined. Nonetheless, to the extent that Defendants interpret the regulation as encompassing oral argument, Defendants may follow the procedure set forth in the regulation for obtaining permission to consent to partial closure of the hearing.  *See id.* § 50.9(c), (d).

Because Plaintiffs have a compelling interest in maintaining the confidentiality of sensitive, stigmatizing allegations against them, and because no viable alternatives exist that would protect that interest, partial closure of the oral argument hearing is justified to the extent that Defendants seek to disclose those allegations during the hearing.

Dated: December 2, 2015

Steven M. Wilker, OSB No. 911882
Email: steven.wilker@tonkon.com
Tonkon Torp LLP
1600 Pioneer Tower
888 SW 5th Avenue
Portland, OR 97204
Tel.: (503) 802-2040; Fax: (503) 972-3740
Cooperating Attorney for the ACLU
Foundation of Oregon

s/ *Hugh Handeyside*
Hina Shamsi (Admitted *pro hac vice*)
Email: hshamsi@aclu.org
Hugh Handeyside (Admitted *pro hac vice*)
Email: hhandeyside@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500; Fax: (212) 549-2654

Ahilan T. Arulanantham (Admitted *pro hac vice*)
Email: aarulanantham@aclu-sc.org
Catherine A. Wagner (Admitted *pro hac vice*)
Email: cwagner@aclu-sc.org
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Tel.: (213) 977-9500; Fax: (213) 977-5297

Alan L. Schlosser (Admitted *pro hac vice*)
Email: aschlosser@aclunc.org
Julia Harumi Mass (Admitted *pro hac vice*)
Email: jmass@aclunc.org
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
Tel.: (415) 621-2493; Fax: (415) 255-8437

Alexandra F. Smith (Admitted *pro hac vice*)
Email: asmith@aclu-nm.org
ACLU Foundation of New Mexico
P.O. Box 566
Albuquerque, NM 87103
Tel.: (505) 266-5915; Fax: (505) 266-5916

Mitchell P. Hurley (Admitted *pro hac vice*)
Email:  mhurley@akingump.com
Justin H. Bell (Admitted *pro hac vice*)
Email:  bellj@akingump.com
Akin Gump Strauss Hauer & Feld LLP

s/ *William Genego*
William Genego (Admitted *pro hac vice*)
E-mail: bill@genegolaw.com
Law Office of William Genego
2115 Main Street
Santa Monica, California 90405
Tel: (310) 399-3259

Justine Fischer, OSB No. 812241
Email: jfattyor@aol.com
710 SW Madison St., Suite 400
Portland, OR 97205
Tel: (503) 222-4326; Fax: (503) 222-6567

**Attorneys for Plaintiff Stephen Persaud**

One Bryant Park
New York, NY 10036
Tel.:  (212) 872-1011; Fax: (212) 872-1002

***Attorneys for Plaintiffs Mohamed Sheikh
Abdirahman Kariye, Faisal Kashem, Raymond
Earl Knaeble, Amir Mohamed Meshal, and Steven
Washburn***

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing motion was delivered to all counsel of record via the Court's ECF notification system.


*s/Hugh Handeyside*
Hugh Handeyside