Steven M. Wilker, OSB No. 911882
Email: steven.wilker@tonkon.com
Tonkon Torp LLP
1600 Pioneer Tower
888 SW 5th Avenue
Portland, OR 97204
Tel.: (503) 802-2040; Fax: (503) 972-3740
Cooperating Attorney for the ACLU Foundation of Oregon

Hina Shamsi (Admitted *pro hac vice*)
Email: hshamsi@aclu.org
Hugh Handeyside (Admitted *pro hac vice*)
Email: hhandeyside@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500; Fax: (212) 549-2654

Ahilan T. Arulanantham (Admitted *pro hac vice*)
Email: aarulanantham@aclu-sc.org
Catherine A. Wagner (Admitted *pro hac vice*)
Email: cwagner@aclu-sc.org
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Tel.: (213) 977-9500; Fax: (213) 977-5297

Alan L. Schlosser (Admitted *pro hac vice*)
Email: aschlosser@aclunc.org
Julia Harumi Mass (Admitted *pro hac vice*)
Email: jmass@aclunc.org
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
Tel.: (415) 621-2493; Fax: (415) 255-8437

Alexandra F. Smith (Admitted *pro hac vice*)
Email: asmith@aclu-nm.org
ACLU Foundation of New Mexico
P.O. Box 566
Albuquerque, NM 87103
Tel.: (505) 266-5915; Fax: (505) 266-5916

Mitchell P. Hurley (Admitted *pro hac vice*)
Email:  mhurley@akingump.com
Justin H. Bell (Admitted *pro hac vice*)

Email:  bellj@akingump.com
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1011; Fax: (212) 872-1002

*Attorneys for Plaintiffs Mohamed Sheikh Abdirahman Kariye, Faisal Kashem, Raymond Earl Knaeble, Amir Mohamed Meshal, and Steven Washburn*


William Genego (Admitted *pro hac vice*)
E-mail: bill@genegolaw.com
Law Office of William Genego
2115 Main Street
Santa Monica, California 90405
Tel: (310) 399-3259


Joel Leonard, OSB No. 960810
Email: joel@eoplaw.com
Elliott, Ostrander & Preston, PC
707 SW Washington Street, Suite 1500
Portland, OR 97205
Tel: (503) 224-7112; Fax: 503-224-7819

*Attorneys for Plaintiff Stephen Persaud*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| AYMAN LATIF, et al.,<br><br>       *Plaintiffs*,<br><br>v.<br><br>LORETTA E. LYNCH, et al.,<br><br>       *Defendants*. | Case 3:10-cv-00750-BR |
| --- | --- |
|  | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiffs submit this supplemental memorandum in accordance with the Court's order directing the parties to submit supplemental briefing on (1) "their proposals for next steps in this action in the event the Court grants any party's motion in whole or in part," and (2) "how the parties expect a judicial review on the substantive decision made by the TSA Administrator to occur, in what forum, and in what context."  ECF No. 316.

1. **Plaintiffs' proposals for next steps should the Court grant any party's motion in whole or in part.**

<u>Plaintiffs' Motion.</u>  If the Court grants Plaintiffs' motion in whole or in part, the appropriate course of action flows from the specific relief granted.  As set forth at oral argument and in Plaintiffs' briefing in support of their motion for partial summary judgment, the Due Process Clause and the fundamental fairness concerns that underlie it mandate that Defendants:

    a) Provide Plaintiffs with all of the reasons on which they are relying to maintain Plaintiffs on the No Fly List; and

    b) Provide Plaintiffs with all of the evidence on which they are relying to maintain Plaintiffs on the No Fly List, including all evidence or material information in Defendants' possession that contravenes or undermines Defendants' placement of Plaintiffs on the No Fly List, whether or not Defendants are relying on such evidence or information.

If the Court rules in Plaintiffs' favor on these components of Plaintiffs' motion, the Court should order Defendants to provide the reasons and evidence as set forth in paragraphs (a) and (b).  If

Defendants seek to invoke any privileges, the Court should order Defendants to produce a privilege log itemizing information over which the privilege is invoked. Any such log should be specific enough to permit Plaintiffs to contest the assertion of privilege and the Court to adjudicate it.

Plaintiffs' motion also demonstrates that Defendants must:

    c) Refrain from utilizing unconstitutionally vague criteria to place or maintain Plaintiffs on the No Fly List.

If the Court concludes that the No Fly List criteria are unconstitutionally vague, it should (1) order Defendants to devise new, constitutionally compliant criteria in a timely fashion, and (2) issue a schedule for cross-briefing on whether the new criteria comply with the Court's order.

Finally, core due process considerations mandate:

    d) A live hearing before a neutral decision-maker at which Plaintiffs may confront and cross-examine adverse witnesses;

    e) Application of a clear-and-convincing-evidence standard of proof in determining whether Plaintiffs may continue to be included on the No Fly List;[1] and

    f) Compilation of a complete administrative record reflecting the foregoing due process-mandated safeguards and allowing for adequate judicial review.

As set forth in further detail below, Plaintiffs submit that the hearings should be held in this Court applying the standard in paragraph (e) and following compilation of the administrative record in paragraph (f). Plaintiffs further submit that before proceeding with the hearings, the Court should order cross-briefing on (1) whether Plaintiffs' continued inclusion on the No Fly

---

[1] Plaintiffs recognize that the Court expressed skepticism during oral argument regarding application of this standard. Plaintiffs respectfully note again that the Ninth Circuit has held that where the individual interests at stake "are both particularly important and more substantial than mere loss of money," the "clear and convincing evidence" standard is normally applied. *V. Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011). Given this authority and the substantial degree to which placement on the No Fly List deprives individuals of their constitutionally protected liberty, Plaintiffs continue to believe that the clear-and-convincing-evidence standard must be applied here. A lower standard of proof would allow the government to impose an indefinite and severe restriction on Plaintiffs' liberty based on a weak or ambiguous evidentiary showing.

List violates substantive due process and/or the substantive component of Plaintiffs' claim under the Administrative Procedure Act; and (2) how the appropriate burden of proof applies in relation to Plaintiffs' substantive claims. Finally, the Court should schedule hearings on each individual Plaintiff's substantive claims, at which hearsay and other evidentiary issues can be addressed.

Defendants' Motion. If the Court were to grant Defendants' motion, it would have to proceed with judicial review of Defendants' determinations to maintain each of the Plaintiffs on the No Fly List. Indeed, at oral argument Defendants asserted that their procedures were sufficient (and that they were entitled to summary judgment) because there would be meaningful judicial review of their determinations as to each Plaintiff.[2] The fundamental problem, however, is that the Court cannot conduct meaningful judicial review of Defendants' determinations on the incomplete and inadequate record before it.

The Supreme Court and the Ninth Circuit have emphasized that judicial review of agency actions must be meaningful, and that judicial review in the absence of an adequate record or fact-finding capabilities is essentially a denial of judicial review itself. *See, e.g.*, *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 484, 496-97 (1991) ("[I]t is most unlikely that Congress intended to foreclose all forms of meaningful judicial review."); *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 63 (1993) (upholding district court jurisdiction where otherwise the applicant would not have "an opportunity to build an administrative record on which judicial review might be based"); *City of Rialto v. W. Coast Loading Corp.*, 581 F.3d 865, 874 (9th Cir. 2009) ("[W]e have stressed the importance of meaningful judicial review of agency action."). Indeed, in *American-Arab Anti-Discrimination Committee v. Reno*, the Ninth Circuit held that administrative deportation hearings "cannot generate a record for review" because those hearings "proceed[] under the premise that use of undisclosed information against the alien is legal." 70

---

[2] In response to a query from the Court regarding why the revised No Fly List redress process was sufficient to warrant judgment in Defendants' favor, Defendants' counsel stated, "the best I can do for your Honor is the fact that we know the judicial review will occur." Transcript, attached hereto as Exhibit A, at 71:5-7, 72:21-22.

F.3d 1045, 1061 (9th Cir. 1995).  The court then cited the D.C. Circuit's admonition in *Rafeedie v. I.N.S.*, 880 F.2d 506, 516 (D.C. Cir. 1989), that "any 'factual record' that [a hearing] would generate is unlikely to be more than a catalogue of the Government's untested allegations and [the alien's] not directly responsive denials." 70 F.3d at 1062.  These cases stand for the unremarkable proposition that judicial review is not meaningful where the underlying process did not include bedrock safeguards such as a live hearing and access to information used against an individual.

Plaintiffs are at a loss to see how the record before the Court could permit meaningful judicial review.  Defendants' counsel stated at oral argument that the protections Plaintiffs seek need not be provided at the administrative stage because of the availability of judicial review.  As was evident at oral argument, however, Defendants have provided no basis for the Court to assess the withholding of reasons and evidence the government relied upon, or the exculpatory or material evidence relevant to Plaintiffs' placement on the List.  Critically, at oral argument, Defendants' counsel explained that only unclassified, non-privileged information was included in the summaries provided to Plaintiffs; Defendants did not even attempt to summarize classified information or invoke any privilege.

If Defendants propose to provide a full (or fuller) record to the Court *ex parte* and *in camera*, at least two issues arise.  First, if that record includes unclassified information for which Defendants seek to assert a privilege, then Defendants are circumventing clearly established requirements for invocation—and adjudication—of privileges.  *See* Pls.' Opp. to Defs.' Cross-Motion, ECF No. 267 at 20-27.  Second, if that record includes classified information, the Court would be put in the position of adjudicating Plaintiffs' inclusion on the No Fly List—and the deprivation of a constitutionally protected liberty interest—entirely, or almost entirely, on the basis of secret evidence to which Plaintiffs have had no opportunity to respond even in summary unclassified form.  Both are issues that should be addressed by requiring the additional process Plaintiffs seek, rather than by forging ahead on an incomplete record.

Judicial review is not meaningful simply because it occurs in an Article III court, nor can such review cure constitutional defects in an underlying administrative process without supplying the necessary due process safeguards independently. On the record before it, the Court lacks the means to assess the reasons, evidence, and material information withheld from Plaintiffs—or to assess who made the withholding determination and why. The required judicial review of Defendants' determinations regarding Plaintiffs therefore cannot occur because the administrative record is inadequate and forecloses meaningful judicial review.

### 2.  How Plaintiffs expect judicial review on the substantive decision made by the TSA Administrator to occur, in what forum, and in what context.

Plaintiffs' position regarding judicial review and adjudication of their substantive claims is straightforward. As explained above—and assuming that a record reflecting due process-mandated safeguards can be, and has been, assembled for each Plaintiff—Plaintiffs propose that the parties submit cross-briefing on Plaintiffs' substantive claims under the Fifth Amendment and the APA, followed by individual hearings on those claims in this Court. Controlling authority, and considerations of fairness and judicial economy, compel the conclusion that this Court is the most appropriate forum for conducting judicial review of Defendants' determinations and for ultimately adjudicating Plaintiffs' substantive claims. The Court should neither "remand" those claims for administrative proceedings nor should it credit any renewed assertion that the claims may only be resolved in the Court of Appeals.

First, judicial review in this Court of Defendants' substantive determinations is both permissible and necessary. Plaintiffs' substantive claims are pending before the Court, and Defendants have already made substantive determinations under the revised redress process to retain Plaintiffs on the No Fly List. The Ninth Circuit made clear in its jurisdictional ruling in this case that the Court has the authority to adjudicate the validity of Plaintiffs' placement on the No Fly List. *See Latif v. Holder*, 686 F.3d 1122, 1129-30 (9th Cir. 2012). No principle of administrative law dictates that the Court must "remand" Plaintiffs' substantive claims for additional administrative proceedings where the existing administrative process is, and has been,

inadequate.  *See, e.g.*, *McNary*, 498 U.S. at 492-94 (jurisdiction proper in district court where statutory review scheme provided no opportunity for the plaintiffs to develop a factual record relevant to their constitutional claims before the administrative body); *Reno*, 509 U.S. at 63 (following *McNary* in finding district court judicial review of agency action proper).  The Court recognized as much in declining to remand this matter to the Defendant agencies for further proceedings after granting Plaintiffs' motion for partial summary judgment.  Case Management Order, ECF No. 152 at 2-3.  Similarly, the court in *Ibrahim v. Department of Homeland Security* determined that the plaintiff in that case had been denied due process and, following a trial on the merits of the plaintiff's claims, issued an order intended to "supply the due process that otherwise has been denied to plaintiff."  62 F. Supp. 3d 909, 931 (N.D. Cal. 2014).

Judicial review in this Court of Defendants' determinations is not only permissible, but entirely warranted here.  Plaintiffs have been waiting for five and a half years for a meaningful opportunity to contest their placement on the No Fly List.  As this Court concluded in June 2014, "[d]ue to the major burden imposed by inclusion on the No-Fly List, Plaintiffs have suffered significantly." Op. and Order, ECF No. 136 at 30.  Plaintiffs continue to suffer the consequences of their placement on the No Fly List, including the deep and severe stigma associated with being labeled suspected terrorists.  At the status conference held on October 3, 2014 and in its subsequent case management order, the Court repeatedly emphasized that Plaintiffs' claims should be resolved on an individualized basis as soon as practicable.  *See* ECF No. 152 at 2.  Defendants have displayed no inclination to provide safeguards that due process requires in order to minimize the risk of error in their determinations, and indeed, at oral argument, Defendants' counsel appeared to suggest that such safeguards need not be provided during the administrative consideration of Plaintiffs' DHS TRIP petitions because of the availability of judicial review.  Under these circumstances, "remanding" Plaintiffs' substantive claims for administrative proceedings would pointlessly delay their ultimate adjudication in this Court.  *See also Lazli v. U.S. Citizenship and Immigration Services*, 2007 WL 496351, at *7 (D. Or. 2007) (noting that

the "APA allows district courts to compel agency action unlawfully withheld or unreasonably delayed" under 5 USC § 706(1)) (internal quotations omitted). Thus, the Court can and should conduct meaningful review of Defendants' decisions to continue to include Plaintiffs on the No Fly List, and it should similarly adjudicate Plaintiffs' substantive claims as soon as practicable.

Second, any suggestion that the TSA Administrator's substantive decisions may only be reviewed in the Court of Appeals lacks merit. As a threshold matter, while it appears that Defendants' position is that jurisdiction over a challenge to a DHS TRIP determination under the revised redress process lies exclusively in the Court of Appeals under 49 U.S.C. § 46110, *see* Defs.' Mot. for Summ. J., ECF No. 251 at 29 n.16, any such renewed argument is not yet before the Court and would have to be addressed pursuant to an appropriate motion followed by briefing by the parties.

In any event, the Ninth Circuit held unequivocally on appeal in this case that "[t]he district court has jurisdiction over Plaintiffs' substantive challenge." *Latif*, 686 F.3d at 1127. The court remanded the case to this Court "for such further proceedings as may be required to make an adequate record to support consideration of their claims." *Id.* at 1129. Those holdings are the law of the case, and neither the facts nor the law have changed in any material way such that the Ninth Circuit's ruling does not still govern here.[3] *See Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (law of the case doctrine applies unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial").

Indeed, the considerations that led the Ninth Circuit to hold in this case and in *Ibrahim* that § 46110 does not preclude jurisdiction over substantive claims challenging continued inclusion on the No Fly List continue to apply following Defendants' application of the revised

---

[3] The Ninth Circuit's holding in *Ibrahim v. Department of Homeland Security* also controls. 538 F.3d 1250, 1255 (9th Cir. 2008) (Section 46110 did not preclude jurisdiction in district court over the plaintiff's claim seeking her removal from the No Fly List).

redress procedure.  In *Ibrahim*, for instance, the court noted that because the Terrorist Screening Center, not the Transportation Security Administration, "actually compiles the list of names ultimately placed on the No-Fly List," district courts retain jurisdiction to review the TSC's determinations.  538 F.3d at 1255.  The court also observed that "common sense" dictated that review of substantive determinations would take place in the district court:

> Just how would an appellate court review the agency's decision to put a particular name on the list? *There was no hearing before an administrative law judge*; there was no notice-and-comment procedure.  For all we know, there is no administrative record of any sort for us to review. . . . So if any court is going to review the government's decision to put Ibrahim's name on the No-Fly List, it makes sense that it be a court with the ability to take evidence.

*Id.* at 1256 (emphasis added).  Later, on appeal from the Court's dismissal of Plaintiffs' claims in this action, the Ninth Circuit emphasized that

> TSC—not TSA—actually reviews the classified intelligence information about travelers and decides whether to remove them from the List. . . . Ordering TSA to tell Plaintiffs why they were included on the List and to consider their responses in deciding whether they should remain on it, would be futile. Such relief must come from TSC—*the sole entity with both the classified intelligence information Plaintiffs want and the authority to remove them from the List*.

*Latif*, 686 F.3d at 1128-29 (emphasis added).

Each of these considerations pertains with equal force to this case in its current posture and makes clear that judicial review of Defendants' determinations regarding Plaintiffs' status on the No Fly List must proceed in this Court.  As the above discussion indicates, it remains the case that regardless of which party prevails on the pending motions for partial summary judgment, no administrative record exists on which meaningful review of Defendants' determinations could be conducted, either in this Court or in the Court of Appeals.  The revised redress process plainly did not include any hearing before an administrative law judge.  Moreover, the concession by Defendants' counsel at oral argument that the revised process did not include necessary procedural safeguards because of the prospect of judicial review reinforces that such review must occur in this Court—"a court with the ability to take evidence."  *See*

*Ibrahim*, 538 F.3d at 1256.  And the TSC remains the entity that both actually reviews the information underlying placement on the No Fly List and has the authority to remove the Plaintiffs from the List.  *See* Steinbach Decl., ECF No. 254 ¶¶ 21-22; Moore Decl., ECF No. 252 ¶¶ 13-15.

Defendants will likely argue that DHS TRIP procedures have been revised to give the TSA Administrator final decision-making authority over continued inclusion on the No Fly List, but there is no indication that the Administrator's decision is anything other than a formality at the end of a process that is conducted and controlled by TSC.  Defendants cannot strip this Court of jurisdiction simply by having the TSA Administrator sign what is by all indications a decision of the TSC.  Still, even if the TSA Administrator's role were substantive, not nominal, that would not suffice to place this case within the scope of 49 U.S.C. § 46110.  As the Ninth Circuit concluded above, "[o]ur lack of jurisdiction under § 46110 to grant relief . . . arises from the unique relationship between TSA and TSC in processing traveler grievances to determine who should remain on the List." *Latif*, 686 F.3d at 1129.  There can be no dispute that TSC continues to play the primary role in reviewing DHS TRIP petitions for U.S. citizens on the No Fly List, and even if Defendants have attempted to incorporate the TSA Administrator into the decision-making process, that does not alter the Ninth Circuit's conclusion that it lacks jurisdiction to grant relief in this case because of the "unique relationship between TSA and TSC" in determining who should remain on the List.  *Id.*

The Ninth Circuit's decisions in this case and in *Ibrahim* are not outliers.  Every other Court of Appeals that has addressed the issue of jurisdiction over challenges to placement on the No Fly List has concluded that § 46110 does not bar jurisdiction in the district courts.  *See Mokdad v. Lynch*, 804 F.3d 807, 808 (6th Cir. 2015) (reversing the district court's holding that it did not have subject matter jurisdiction over the plaintiff's direct challenge to his placement on the No Fly List, "a placement that is made by an agency called the Terrorist Screening Center," and remanding for further proceedings); *Ege v. U.S. Dep't of Homeland Sec.*, 784 F.3d 791, 793

(D.C. Cir. 2015) (dismissing, for lack of standing, direct petition for review of DHS TRIP

determination "because we have no jurisdiction under 49 U.S.C. § 46110 to issue an order

binding the TSC"); *Gulet Mohamed v. Holder*, No. 11-1924 (4th Cir. May 28, 2013) (granting

motion to remand substantive claims challenging placement on the No Fly List to the district

court).  The Fourth Circuit in *Gulet Mohamed* echoed the Ninth Circuit's holding here:

> Resolving substantive and procedural due process challenges to an individual's
> inclusion on the No-fly list necessarily requires scrutiny of both the TSC's and the
> TSA's actions, and, should a remedy be required, it will likely involve both
> agencies. . . . Moreover, the efficacy of our review is limited by our inability to
> directly review the TSC's actions, direct the agency to develop necessary facts or
> evidence, or compel its compliance with any remedy we might fashion.

No. 11-1924, ECF No. 86 at 5-6.  Because this logic and the Ninth Circuit's prior ruling in this

case apply regardless of whether the TSA Administrator is the final signatory on Plaintiffs' DHS

TRIP determinations, Defendants cannot validly argue that § 46110 somehow operates as a bar

to judicial review of Defendants' final determinations on Plaintiffs' DHS TRIP petitions.

## CONCLUSION

This Court is the necessary and appropriate forum for judicial review of Defendants' final

determination regarding each Plaintiff's continued inclusion on the No Fly List.  Plaintiffs

respectfully request that the Court grant their renewed motion for partial summary judgment and

proceed with judicial review and adjudication of Plaintiffs' substantive claims as set forth above.


Dated: January 8, 2016

Steven M. Wilker, OSB No. 911882
Email: steven.wilker@tonkon.com
Tonkon Torp LLP
1600 Pioneer Tower
888 SW 5th Avenue
Portland, OR 97204
Tel.: (503) 802-2040; Fax: (503) 972-3740
Cooperating Attorney for the ACLU
Foundation of Oregon

s/ *Hugh Handeyside*
Hina Shamsi (Admitted *pro hac vice*)
Email: hshamsi@aclu.org
Hugh Handeyside (Admitted *pro hac vice*)
Email: hhandeyside@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500; Fax: (212) 549-2654

Ahilan T. Arulanantham (Admitted *pro hac vice*)
Email: aarulanantham@aclu-sc.org
Catherine A. Wagner (Admitted *pro hac vice*)
Email: cwagner@aclu-sc.org
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Tel.: (213) 977-9500; Fax: (213) 977-5297

Alan L. Schlosser (Admitted *pro hac vice*)
Email: aschlosser@aclunc.org
Julia Harumi Mass (Admitted *pro hac vice*)
Email: jmass@aclunc.org
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
Tel.: (415) 621-2493; Fax: (415) 255-8437

Alexandra F. Smith (Admitted *pro hac vice*)
Email: asmith@aclu-nm.org
ACLU Foundation of New Mexico
P.O. Box 566
Albuquerque, NM 87103
Tel.: (505) 266-5915; Fax: (505) 266-5916

Mitchell P. Hurley (Admitted *pro hac vice*)
Email: mhurley@akingump.com
Justin H. Bell (Admitted *pro hac vice*)
Email: bellj@akingump.com

s/*William Genego*
William Genego (Admitted *pro hac vice*)
E-mail: bill@genegolaw.com
Law Office of William Genego
2115 Main Street
Santa Monica, California 90405
Tel: (310) 399-3259

Joel Leonard, OSB No. 960810
Email: joel@eoplaw.com
Elliott, Ostrander & Preston, PC
707 SW Washington Street, Suite 1500
Portland, OR 97205

Tel: (503) 224-7112; Fax: 503-224-7819

***Attorneys for Plaintiff Stephen Persaud***

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.:  (212) 872-1011; Fax: (212) 872-1002

*Attorneys for Plaintiffs Mohamed Sheikh*
*Abdirahman Kariye, Faisal Kashem, Raymond*
*Earl Knaeble, Amir Mohamed Meshal, and Steven*
*Washburn*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing memorandum was delivered to all counsel of record via the Court's ECF notification system.

<u>*s/Hugh Handeyside*</u>
Hugh Handeyside