# EXHIBIT A

Case 3:10-cv-00750-BR     Document 320-1     Filed 01/08/16     Page 1 of 6

```
 1                IN THE UNITED STATES DISTRICT COURT
 2                    FOR THE DISTRICT OF OREGON
 3  AYMAN LATIF, et al.,              )
                                      )  Case No. CV-10-750-BR
 4            Plaintiffs,             )
                                      )
 5  v.                                )  December 9, 2015
                                      )
 6  UNITED STATES DEPARTMENT OF       )
    JUSTICE, Eric H. Holder, Jr.,     )
 7  Attorney General, et al.,         )
                                      )
 8            Defendants.             )
    _____ )     Portland, Oregon
 9
10                   TRANSCRIPT OF PROCEEDINGS
11                        (Oral Argument)
12
13       BEFORE THE HONORABLE ANNA J. BROWN, DISTRICT JUDGE
14
...
23  COURT REPORTER:       AMANDA M. LeGORE, RDR, CRR, FCRR, CE
                          U.S. COURTHOUSE
24                        1000 SW Third Avenue Suite 301
                          Portland, OR  97204
25                        (503)326-8184
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:        HINA SHAMSI
                                HUGH HANDEYSIDE
 3                              American Civil Liberties Union
                                Foundation
 4                              125 Broad Street, 18th Floor
                                New York, NY 10004
 5                              (212)519-7876

 6


 7                              STEVEN WILKER
                                Tonkon, Torp, LLP
 8                              888 SW Fifth Avenue, Suite 1600
                                Portland, OR  97204
 9                              (503)802-2050


10
                                AHILAN ARULANANTHAM
11                              ACLU Foundation of Southern California
                                1313 West 8th Street
12                              Los Angeles, CA  90017
                                (213)977-5211

13


14
     FOR US Department of
15   Justice:                   BRIGHAM J. BOWEN
                                Department of Justice
16                              Civil Division
                                Federal Programs
17                              PO Box 883
                                Washington, DC  20044
18                              (202)514-6289

19                              AMY POWELL
                                US Department of Justice
20                              Civil Division
                                20 Massachusettes Avenue, NW
21                              Suite 5377
                                Washington, DC 20010
22                              (202)514-9836

23


24


25
```

1  seasoned and good at providing the process that -- that is fair
2  and equitable in the context of judicial review.
3              That we don't know the mechanism or we may not even
4  know the -- the jurisdictional forum for that -- for where that
5  exists, the fact of judicial review itself provides the
6  bulwark, I believe, that the Court is looking for.  There is
7  judicial review; depending on where it is, depending on what
8  the law requires for how that substance --
9              THE COURT:  You know, Mr. Bowen, you're going to have
10 to take a position in this case for these six plaintiffs as to
11 where you contend that judicial review should be.  I'm not
12 asking you to speak for the United States in every case
13 possible.  But you are the lawyer for the defendants in this
14 case, and you simply must take a position.
15             MR. BOWEN:  I can't take a position today from this
16 podium, your Honor.  If the answer to that is we would
17 absolutely be more than happy to take supplemental briefing and
18 provide the Government's view of how that process -- what that
19 process would look like, where it would occur, and how the
20 handling of that information would occur, I'm simply not
21 authorized to -- to essentially speculate on that question.
22 And I apologize that -- that is frustrating, and that is
23 something the Court may have been anticipating.  But I am
24 not -- I don't have that authorization.
25             THE COURT:  Well, tell me please, then, why it is

1  that your clients contend they're entitled to summary judgment?
2  That the process they have afforded each of plaintiffs is
3  constitutionally sufficient from a procedural due process --
4  not the substantive outcome with which reasonable minds might
5  differ; and, indeed, a reviewing court might differ.  But why
6  is the process sufficient to allow and indeed require this
7  Court to grant judgment in your client's favor?
8            MR. BOWEN:  Because -- because it directly answers
9  the contours that the Court identified in its prior order.  The
10 vision of unclassified summaries, without breaching the wall of
11 classified information in the context of the administrative
12 phase, to the extent possible, without implicating national
13 security.
14           And that information ultimately will be -- agreed,
15 will be reviewed by an appropriate court.  The fact that we
16 don't know what that appropriate court is doesn't change the
17 fact that the administrative process provided the information
18 that is able to be provided and doesn't go over that wall
19 that's been identified repeatedly by the courts.  And I'm
20 speaking particularly of the D.C. Circuit, talking about how --
21 the courts can't compel a breach of the security that the
22 executive branch is charged with protecting.  And we can't turn
23 over that -- that information.  And the court -- and the cases
24 support that -- that conclusion.  And so --
25           THE COURT:  Mr. Bowen, I don't know how a court can

1  determine a process is sufficient for judicial review without
2  knowing the information that's going to be reviewed.  It's as
3  if you're saying any process would be sufficient because, in
4  the end, there will be some judicial review by some judicial
5  authority at some undisclosed time and place.  But the
6  determination of what's sufficient has to be measured against
7  something.  And the record you've given is something.  And,
8  I -- again, I commend the defendants for doing something.  But
9  I -- I'm trying hard to understand how the Court can grant your
10 motion on this record about a sufficient procedural process if
11 the Court can't even tell what was considered.
12             MR. BOWEN:  Well, again, we -- it's not that the
13 Court can't.  It's just that we don't know what that looks
14 like.  And we are more than prepared to brief that question and
15 provide the United States' position.
16             THE COURT:  You don't get to continue to brief and
17 brief and brief.  When one moves for summary judgment, one has
18 the obligation to provide the authority to support the
19 judgment.  You either have it or you don't.  They either have
20 it or they don't.
21             MR. BOWEN:  But, again, the best I can do for your
22 Honor is the fact that we know the judicial review will occur.
23             If the Court is dissatisfied with that, the Court is
24 correct that the answer is to deny both parties' motions and
25 require us to come up with and settle on the question of what